IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EUGENE WU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:21-cv-02205-JTF-atc |
| ) | |
| PASSIVE WEALTH BUILDERS, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

| | |
|---|---|
| ANASTASSIA DROFA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:22-cv-02191-JTF-atc |
| ) | |
| PASSIVE WEALTH BUILDERS, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER GRANTING PLAINTIFFS' PETITION FOR FEES AND COSTS**

On April 13, 2024, the Court entered an order granting Plaintiffs' consolidated motion for summary judgment against Defendants, and directing Plaintiffs to file a document reflecting the time they worked on this case and the costs they incurred within 14 days. (ECF No. 98.) On April 17, 2024, Plaintiffs filed their petition for fees and costs. (ECF No. 99.) Defendants did not respond to this Petition. For the reasons set forth below, Plaintiffs' petition for fees and costs is **GRANTED**.

Attorney's fees are recoverable if a contract specifically provides for such recovery, *Furnco, LLC v. Laneventure, Inc.*, No. 07-2333, 2010 WL 11598143, at *1 (W.D. Tenn. Aug. 12, 2010) (citing *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985)). Where a contract so provides, "[t]he parties are entitled to have their contract enforced according to its express terms." *Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988). When the parties' contract provides for recovery of attorney's fees by the prevailing party, "the trial court has no discretion regarding whether to award attorney's fees; however, determining the amount of the attorney's fee that is reasonable is within the trial court's discretion." *Monroe v. Zierden*, No. W2007-01818-COA-R3-CV, 2008 WL 4253850, at *2 (Tenn. Ct. App. Sept. 17, 2008); *Hosier v. Crye-Leike Commercial, Inc.,* No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *6 (Tenn. Ct. App. July 17, 2001).

Plaintiffs are the prevailing party. All the promissory notes between the parties specifically provide that the prevailing party shall recover attorney's fees and costs. (*See, e.g.,* ECF No. 84-2, 2 (". . .the Note Holder will have the right to be paid back by Borrower for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, including but not limited to reasonable attorney's fees.").) Therefore, Plaintiffs are entitled to attorney's fees and costs as provided in the promissory notes. The Court has discretion only as to the reasonableness of the fees and costs awarded.

Where a contract provides for the recovery of a reasonable fee, the parties expect the trial court to adjudicate the issue of a reasonable fee. *Wilson Mgmt. Co.*, 745 S.W.2d at 873. In determining whether a requested fee is reasonable, courts look to the following factors:

1. The time devoted to performing the legal service.
2. The time limitations imposed by the circumstances.
3. The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.

2

    4.   The fee customarily charged in the locality for similar legal services.
    5.   The amount involved and the results obtained.
    6.   The experience, reputation, and ability of the lawyer performing the legal service.

*Connors v. Connors*, 594 S.W.2d 672, 676 (Tenn. 1980).

Included therein is attorney Gregory H. Revera's Declaration that he supervised and spent 143.35 hours on the two cases, working at a standard hourly rate ranging between $325-$350 an hour. (ECF No. 99-1, 2.) Associates working on these cases had standard hourly rates between $250-$275 an hour. (*Id.*) This is documented in the attached billing list which contains detailed billing entries that total $45,770.00 in attorney's fees. (ECF Nos. 99-2 & 99-3.) An Alabama licensed attorney filed a declaration reflecting his opinion that the hours billed, and the rate charged were reasonable. (ECF No. 99-5.) Revera also states that he is entitled to recover $7,586.37 in costs pursuant to 28 USC § 1920. (ECF No. 99-2, 2.)

Applying the *Connors* factors, the Court finds the award of $45,770.00 in attorney's fees to be appropriate. The Court's prior order addressing Plaintiffs' motion for summary judgment demonstrates the complexity of the issues in this case. This complexity was also likely exacerbated by Defendant's failure to participate in discovery. This all suggests that it was reasonable for Plaintiffs' attorneys to bill 143.35 hours working on these cases. Further, the rates charged are reasonable in this locality, especially so considering that Revera has been practicing for over 25 years. (ECF No. 99-1, 1.) The filings demonstrate that $7,586.37 in costs are categorically recoverable under 28 USC § 1920.

Consistent with the foregoing, Plaintiffs' Petition for Fees and Costs is **GRANTED**. Plaintiffs' attorneys are entitled to $45,770.00 in attorney's fees and $7,586.37 in costs.

**IT IS SO ORDERED**, this 22nd day of April, 2024.

                                                            *s/John T. Fowlkes, Jr.*
                                                            JOHN T. FOWLKES, JR.
                                                           UNITED STATES DISTRICT JUDGE